IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| GEORGE COSTA, *individually and on behalf of all others similarly situated*,<br><br>**Plaintiff,**<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., CITIBANK N.A., KOHLS DEPARTMENT STORES, INC., and TD BANK USA, N.A.,**<br><br>**Defendants.** | Civil Case Number:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Experian is a consumer reporting agency that has been wrongfully reporting negative payment statuses on accounts that Plaintiff George Costa had properly discharged in bankruptcy when he filed in March of 2017. Despite this, Experian has listed 'Negative' or 'Late' payments on multiple accounts for months and years *after* Plaintiff had filed for bankruptcy and these accounts were closed and discharged in bankruptcy. Experian includes this logically inconsistent information because it does not have adequate policies and procedures in place to ensure that it prevents such logical inconsistencies, like reporting negative information on an account subsequent to its closure and discharge in bankruptcy.

2. As the Consumer Financial Protection Bureau recently addressed, "a consumer reporting agency that does not implement reasonable internal controls to prevent the inclusion of facially false data, including logically inconsistent information, in consumer reports it prepares is

not using reasonable procedures to assure maximum possible accuracy."[1] The purpose of this opinion was to "highlight that the legal requirement to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individuals about whom the reports relate includes, but is not limited to, procedures to screen for and eliminate logical inconsistencies to avoid including facially false data in consumer reports." *Id*. In summary, where an account status (like a 'negative' payment in 2020) is plainly inconsistent with other information reported on that account (like a "discharged in bankruptcy" from 2017), this facially illogical reporting is evidence of a consumer reporting agency's failure to have the policies and procedures required to meet its FCRA accuracy obligations.

3. Plaintiff, George Costa ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") has negligently and recklessly disseminated false and logically inconsistent information regarding the Plaintiff's credit.

4. Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and the proposed class, and that Experian failed to investigate the credit report inaccuracies in response to Plaintiff's dispute.

5. Plaintiff also brings claims individually against Citibank, N.A., Kohls Department Stores, Inc., and TD Bank USA, N.A. (collectively the "Furnisher Defendants") for failing to investigate these credit report inaccuracies in response to Plaintiff's dispute and continuing to report this logically inconsistent information.

6. Plaintiff, individually and on behalf of the Class members, seeks statutory, actual,

---

[1] Consumer Financial Protection Bureau, *Advisory Opinion on Fair Credit Reporting; Facially False Data*,

and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the State of Florida and violated Plaintiff's rights under the FCRA in the State of Florida as alleged more fully below.

8. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants conducts business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

9. Plaintiff, George Costa ("Plaintiff"), is a resident of Clermont, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

12. Defendant Citibank, N.A. ("Citibank") Defendant Citibank, N.A. is a financial institution with its principal office located at 388 Greenwich Street, New York, New York 10013.

13. Defendant Kohl's Department Stores, Inc. ("Kohls") is a corporation with its

principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53501.

14. Defendant TD Bank USA, N.A. ("TD Bank") is a financial institution with its principal place of business at 2035 Limestone Road, Wilmington, Delaware 19808.

## FACTUAL ALLEGATIONS

15. Plaintiff filed Chapter 7 bankruptcy on March 7, 2017.

16. Among the accounts that were closed and discharged through the bankruptcy were:

    a. Best Buy/CBNA – Account # 603535XXXXXXXXXX;

    b. Kohls/CAPONE – Account # 639305XXXXXXXXXX;

    c. Shell/CBNA – Account # 183657X;

    d. Sunoco/CBNA – Account # 180063XXXXX;

    e. TD Bank USA/TargetCred – Account # 585975XXXXXXXXXX;

    f. THD/CBNA – Account # 603532XXXXXXXXXX; and

    g. Tractor Supply/CBNA – Account # 601157XXXXXXXXXX.

17. Sometime prior to June of 2022, Plaintiff noticed that Experian was reporting the above accounts with various "negative" statuses, including a number of which listing 'negative' or late statuses for payment months *after* Plaintiff had filed for bankruptcy and had these accounts discharged.

18. This information is thus inaccurate, misleading, and logically inconsistent, since these accounts were paid off or discharged in full as part of the Plaintiff's bankruptcy in 2017, relieving Plaintiff of any liability or responsibility on these closed accounts. Therefore, there could not have been "negative" or "late" payments in the time following Plaintiff's bankruptcy filing.

19. On June 10, 2022, Plaintiff disputed these accounts with Experian via written letter.

20. In this dispute, Plaintiff clearly advised Experian that these accounts had been discharged in bankruptcy in 2017 and that the additional inaccurate information should be removed.

21. Upon information and belief, the Furnisher Defendants were notified of Plaintiff's dispute by Experian but failed to investigate and remove and/or correct the inaccurate reporting.

22. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23. Upon information and belief, Experian fails to have such reasonable procedures, as it allows for inaccurate and damaging logical inconsistencies to appear on consumers' reports; namely, that consumers have 'negative' payments on accounts that have previously been included in a bankruptcy filing.

24. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

25. At all times pertinent hereto, Experian's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

26. As a direct and proximate result of the Defendant Experian's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives.

27. As a direct and proximate result of the Furnisher Defendants' willful and/or

negligent refusal to adequately investigate Plaintiff's dispute as mandated by the FCRA, Plaintiff has further been harmed in his daily life.

28. For example, the Plaintiff was denied credit as a result of the Defendants' inaccurate reporting of these derogatory accounts, causing the Plaintiff to sustain monetary damages, and has had false derogatory information regarding his credit and creditworthiness wrongfully disseminated to third parties.

29. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' defamatory actions.

30. Upon information and belief, the Class members have suffered similar harm.

## CLASS ALLEGATIONS

31. Plaintiff brings Count I of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated.

32. The Class consists of: All natural persons residing in the United States on whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, Experian furnished a credit report containing a negative payment status on an account that had been previously discharged in bankruptcy.

33. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

34. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

35. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

36. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

   a. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling reports containing logically inconsistent pay statuses;

   b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

37. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff have the same claims for statutory and punitive damages that they seek for absent class members.

38. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

39. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

40. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## COUNT I
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

41. All preceding paragraphs are realleged.

42. Plaintiff brings this claim individually and on behalf of all others similarly situated.

43. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

44. Accordingly, Experian was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent facially evident logical inconsistencies.

45. However, Experian failed to do so.

46. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the Class members, it would not be possible for it to report logically inconsistent information like late or negative payment statuses on accounts that had previously been included in the Plaintiff's and the Class members' bankruptcy filings.

47. Moreover, if Experian were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this inaccurate and logically inconsistent information from being reported in the first place.

48. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

**COUNT II**
**FAILURE TO INVESTIGATE**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

49. All preceding paragraphs are realleged.

50. Plaintiff brings this claim individually.

51. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

52. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

53. In June of 2022, the Plaintiff initiated a dispute with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the Best Buy/CBNA, Kohls/Capone, Shell/CBNA, Sunoco/CBNA, TD Bank USA/TargetCred, THD/CBNA, and Tractor Supply/CBNA accounts that were all reporting negative payment statuses in months well after these accounts had been discharged in bankruptcy.

54. Experian received the Plaintiff's dispute letter, as evidenced by the certified mail tracking number in the Plaintiff's possession.

55. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

56. Instead, Experian, after either conducting no investigation or failing to conduct a

reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

57. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## 15 U.S.C. § 1681s-2(b)
## AGAINST CITIBANK

58. All preceding paragraphs are realleged.

59. Plaintiff brings this claim individually against Citibank.

60. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported upon receipt of notice of such dispute from a credit reporting agency.

61. At all times pertinent hereto, Citibank was a "furnisher" as that term is used by the FCRA.

62. In June of 2022, Plaintiff initiated a dispute with Experian disputing the accuracy of the BestBuy/CBNA, Shell/CBNA, Sunoco/CBNA, THD/CBNA and Tractor Supply/CBNA accounts being reported by Citibank.

63. Upon information and belief, Citibank received notice of this dispute from Experian.

64. Citibank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

65. Citibank failed to reasonably investigate Plaintiff's dispute. Indeed, Citibank could easily have reviewed its records to corroborate that these accounts had been included and

discharged in a bankruptcy filing well prior to the negative payment statuses, but just failed to do so.

66. Even after the Plaintiff properly disputed the accuracy of this account with Experian, Citibank refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff's accounts had negative payments for months after he had filed bankruptcy, even as much as 3 years later.

67. Indeed, Citibank's on-going failures to correct Plaintiff's account information – when a basic review of its own records and the information provided by the Plaintiff would have reflected Plaintiff's bankruptcy - is evidence that its investigation into Plaintiff's dispute was deficient.

68. Citibank's conduct violated section 1681s-2(b) of the FCRA.

69. As a result of Citibank's conduct, Plaintiff was harmed, as discussed above.

**COUNT IV**
**FAILURE TO INVESTIGATE DISPUTE**
**15 U.S.C. § 1681s-2(b)**
**AGAINST KOHLS**

70. All preceding paragraphs are realleged.

71. Plaintiff brings this claim individually against Kohls.

72. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported upon receipt of notice of such dispute from a credit reporting agency.

73. At all times pertinent hereto, Kohls was a "furnisher" as that term is used by the FCRA.

74. In June of 2022, Plaintiff initiated a dispute with Experian disputing the accuracy of the Kohls/CAPONE account being reported by Kohls.

75. Upon information and belief, Kohls received notice of this dispute from Experian.

76. Kohls was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

77. Kohls failed to reasonably investigate Plaintiff's dispute. Indeed, Kohls could easily have reviewed its records to corroborate that this account had been included and discharged in a bankruptcy filing prior to the negative payment status, but just failed to do so.

78. Even after the Plaintiff properly disputed the accuracy of this account with Experian, Kohls refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff's account had a negative payment at a time after he had filed bankruptcy.

79. Indeed, Kohls' on-going failures to correct Plaintiff's account information - when a basic review of its own records and the information provided by the Plaintiff would have reflected Plaintiff's bankruptcy - is evidence that its investigation into Plaintiff's dispute was deficient.

80. Kohls' conduct violated section 1681s-2(b) of the FCRA.

81. As a result of Kohls' conduct, Plaintiff was harmed, as discussed above.

<u>**COUNT V**</u>
**FAILURE TO INVESTIGATE DISPUTE**
**15 U.S.C. § 1681s-2(b)**
**AGAINST TD BANK**

82. All preceding paragraphs are realleged.

83. Plaintiff brings this claim individually against TD Bank.

84. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported upon receipt of notice of such dispute from a credit reporting agency.

85. At all times pertinent hereto, TD Bank was a "furnisher" as that term is used by the FCRA.

86. In June of 2022, Plaintiff initiated a dispute with Experian disputing the accuracy of the TD Bank USA/TargetCred account being reported by TD Bank.

87. Upon information and belief, TD Bank received notice of this dispute from Experian.

88. TD Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

89. TD Bank failed to reasonably investigate Plaintiff's dispute. Indeed, TD Bank could easily have reviewed its records to corroborate that this account had been included and discharged in a bankruptcy filing prior to the negative payment status, but just failed to do so.

90. Even after the Plaintiff properly disputed the accuracy of this account with Experian, TD Bank refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff's account had a negative payment at a time after he had filed bankruptcy.

91. Indeed, TD Bank's on-going failures to correct Plaintiff's account information - when a basic review of its own records and the information provided by the Plaintiff would have reflected Plaintiff's bankruptcy - is evidence that its investigation into Plaintiff's dispute was deficient.

92. TD Bank's conduct violated section 1681s-2(b) of the FCRA.

93. As a result of TD Bank's conduct, Plaintiff was harmed, as discussed above.

## **DEMAND FOR TRIAL BY JURY**

94. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff and the Class statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

C. Awarding Plaintiff and the Class the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

E. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

F. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 16, 2022

By:   */s/ Joseph Kanee*
Joseph Kanee, Esq. (Fl. Bar. No. 1040922)
MARCUS & ZELMAN, LLC
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
(786) 369-1122 telephone
(732) 298-6256 facsimile
Joseph@MarcusZelman.com
*Attorney for Plaintiff*